**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANKLIN ADONAY DUBON RAMIREZ<br>3132 16th Street NW, Apt. 307<br>Washington, DC 20010<br><br>　　　　Plaintiff,<br><br>v.<br><br>LOUYANS, INC.<br>d/b/a CITY LIGHTS OF CHINA<br>1731 Connecticut Avenue NW<br>Washington, DC 20009<br><br>ANDY CHANG<br>a/k/a ANDY S. CHANG<br>a/k/a SHIH HWA CHANG<br>a/k/a SHIHHWA CHANG<br>9900 Scotch Broom Court<br>Potomac, MD 20854<br><br>　　　　Defendants. | Civil Action No. _____ |

**COMPLAINT**

**Introduction**

1.　Plaintiff started working as a dishwasher at Defendants' restaurant in 2011 when he was a 15-year old boy. Plaintiff worked long hours, 6 to 7 days per week. Defendants initially paid Plaintiff between $3.29 and $3.82 per hour. By the time Plaintiff quit, he was earning approximately $6.00 per hour. Defendants never paid Plaintiff overtime.

2.　Plaintiff brings this action to recover damages for Defendants' willful failure to pay him minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"),

D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of Washington, DC.

6. Defendant Louyans, Inc. is a District of Columbia corporation with its principal place of business at: 1731 Connecticut Avenue NW, Washington, DC 20009. Louyans, Inc. does business as "City Lights of China." Louyans, Inc.'s resident agent for service of process is: Swee C. Koo, 2725 Connecticut Avenue NW, #407, Washington, DC 20009.

7. Defendant Andy Chang is an adult resident of Maryland. Defendant Andy Chang is also known as "Andy S. Chang," "Shih Hwa Chang," and "Shihhwa Chang."

8. Defendant Andy Chang owns Defendant Louyans, Inc. He exercises exclusive control over the operations of Louyans, Inc., including its pay practices.

## Factual Allegations

9. Defendants own and operate "City Lights of China," a popular Chinese restaurant in northwest DC.

10. Plaintiff was born in May XX, 1996 (date redacted for privacy).

11.     Plaintiff was hired by Defendant Andy Chang on or about December 1, 2011. Plaintiff was 15 years old at the time.

12.     Plaintiff was initially employed as a dishwasher and kitchen hand.

13.     Plaintiff's duties eventually expanded to include basic food preparation and cleaning — in addition to dishwashing.

14.     At all relevant times, Plaintiff was responsible for operating machinery operated by gas and electrical power, including fryers, ovens, and other cooking equipment. He was also responsible for oiling, wiping, and cleaning this equipment.

15.     Defendant Andy Chang was present at the restaurant almost every day. He personally supervised Plaintiff in the performance of his job duties. Mr. Chang set Plaintiff's work schedule, assigned Plaintiff tasks, and disciplined Plaintiff if those tasks were not completed satisfactorily.

16.     Plaintiff was employed in Defendants' restaurant from approximately December 1, 2011 through approximately August 20, 2014.

17.     At all relevant times, Plaintiff customarily worked between 72 and 83.5 hours per workweek on the premises of City Lights of China.

18.     Approximately 75% of the time, Plaintiff worked the following weekly schedule:

| Monday    | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Tuesday   | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Wednesday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Thursday  | Day Off ||| 
| Friday    | 10:00 a.m. — 11:00 p.m. | No Break     | 13.0 Hours |

| Saturday | 10:00 a.m. — 11:00 p.m. | No Break | 13.0 Hours |
| Sunday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| | | Total: | 72.0 Hours |

19.     When another member of the kitchen staff was absent on a Thursday, Defendant Andy Chang required Plaintiff to fill in for the absent employee. This happened approximately every 4 weeks.

20.     Accordingly, approximately 25% of the time, Plaintiff worked the following weekly schedule:

| Monday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Tuesday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Wednesday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Thursday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| Friday | 10:00 a.m. — 11:00 p.m. | No Break | 13.0 Hours |
| Saturday | 10:00 a.m. — 11:00 p.m. | No Break | 13.0 Hours |
| Sunday | 10:00 a.m. — 10:30 p.m. | 1 Hour Break | 11.5 Hours |
| | | Total: | 83.5 Hours |

21.     Defendants initially paid Plaintiff $550.00 every two weeks.

22.     Over the course of Plaintiff's employment, Defendants gradually raised his biweekly salary in $50.00 increments.

23.     Defendants paid Plaintiff approximately the following amounts during over approximately the following periods:

| | |
|---|---|
| December 1, 2011 – March 28, 2012 | $550.00 every two weeks |
| March 29, 2012 – July 25, 2012 | $600.00 every two weeks |
| July 26, 2012 – November 28, 2012 | $650.00 every two weeks |
| November 29, 2012 – March 27, 2013 | $700.00 every two weeks |
| March 28, 2013 – July 31, 2013 | $750.00 every two weeks |
| August 1, 2013 – November 27, 2013 | $800.00 every two weeks |
| November 28, 2013 – March 26, 2014 | $850.00 every two weeks |
| March 27, 2014 –August 20, 2014 | $900.00 every two weeks |

24.   This biweekly salary resulted in approximately the following hourly rates over approximately the following periods:

| | |
|---|---|
| December 1, 2011 – March 28, 2012 | $3.29 – $3.82 per hour |
| March 29, 2012 – July 25, 2012 | $3.59 – $4.17 per hour |
| July 26, 2012 – November 28, 2012 | $3.89 – $4.51 per hour |
| November 29, 2012 – March 27, 2013 | $4.19 – $4.86 per hour |
| March 28, 2013 – July 31, 2013 | $4.49 – $5.21 per hour |
| August 1, 2013 – November 27, 2013 | $4.79 – $5.56 per hour |
| November 28, 2013 – March 26, 2014 | $5.09 – $5.90 per hour |
| March 27, 2014 –August 20, 2014 | $5.39 – $6.25 per hour |

25.   Defendants never paid Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 in any one workweek.

26.   Defendant Andy Chang personally handed Plaintiff his salary every two weeks.

27. Plaintiff's salary was paid in a combination of check and cash. Defendants did not issue Plaintiff a paystub.

28. At all relevant times, the federal minimum wage was $7.25 per hour.

29. From the beginning of Plaintiff's employment until July 1, 2014, the District of Columbia minimum wage was $8.25 per hour. From July 1, 2014 through the present, the District of Columbia minimum wage has been $9.50 per hour.

30. At all relevant times, the District of Columbia minimum wage required to be paid to minors, pursuant to the Wage-Hour Rules of the D.C. Municipal regulations, was equal to the federal minimum wage ($7.25 per hour). 7 DCMR §902.4(g).

31. Plaintiff reached 18 years of age on May XX, 2014 (date redacted for privacy).

32. If Defendants may avail themselves of the lower D.C. minimum wage that may be paid to minors, then Plaintiff should have been paid the following minimum wages over the following periods:

|  | Federal Minimum Wage | D.C. Minimum Wage |
| --- | --- | --- |
| November 1, 2011 – May XX, 2014 | $7.25 | $7.25 |
| May XX, 2014 – June 30, 2014 | $7.25 | $8.25 |
| July 1, 2014 – Present | $7.25 | $9.50 |

33. If Defendants may avail themselves of the lower D.C. minimum wage that may be paid to minors, then Defendants owe Plaintiff approximately **$44,456.94** in minimum and overtime wages.

34. Plaintiff intends to argue that Defendants are estopped from paying Plaintiff as a minor when Defendants treated Plaintiff as an adult.

35. In support of this argument, Plaintiff will point out:

   a. Under D.C. Law, no "minor under 16 years of age be employed, permitted, or suffered to work before 7:00 a.m. or after 7:00 p.m. of any day, except during the summer (June 1 through Labor Day) when the evening hour shall be 9:00." D.C. Code, § 32-202.

   b. Under D.C. Law, "no minor under 18 years of age shall be employed, permitted, or suffered to work… more than 6 consecutive days in any 1 week." *Id.*

   c. Under D.C. Law, "no minor under 18 years of age shall be employed, permitted, or suffered to work… more than 48 hours in any 1 week." *Id.*

   d. Under D.C. Law, "no minor under 18 years of age shall be employed, permitted, or suffered to work… more than 8 hours in any 1 day." *Id.*

   e. Under D.C. Law, no "minor 16 or 17 years of age be employed, permitted, or suffered to work before 6:00 a.m. or after 10:00 p.m. of any day." *Id.*

   f. Under D.C. Law, "no minor under 16 years of age shall be employed, permitted, or suffered to work…in the operation of any machinery operated by power other than hand or foot power." D.C. Code, § 32-204.

   g. Under D.C. Law, "no minor under 16 years of age shall be employed, permitted, or suffered to work…in oiling, wiping, or cleaning machinery or assisting therein." *Id.*

   h. Under D.C. Law, "[e]very employer shall post and keep conspicuously posted in the establishment, in or about which any minor is employed, permitted, or suffered to work, a printed notice, furnished by the official authorized to enforce this subchapter, setting forth the legal regulations governing the employment and

7

>  hours of work of minors and occupations prohibited to minors in such establishments, and, in addition, shall keep accessible in the place of employment a list of minors under 18 employed, permitted, or suffered to work, and an accurate time record showing the hours of beginning and ending work each day."
>
>  D.C. Code, § 32-202.

36. Defendants violated every single one of the child labor laws listed in Paragraph 35.

37. Having failed to treat Plaintiff as a minor, Defendants should be estopped from availing themselves of the lower wages that may be paid to minors under D.C. law.

38. If Defendants may *not* avail themselves of the lower D.C. minimum wage that may be paid to minors, then Plaintiff should have been paid the following minimum wages over the following periods:

|  | Federal Minimum Wage | D.C. Minimum Wage |
| --- | --- | --- |
| November 1, 2011 – June 30, 2014 | $7.25 | $8.25 |
| July 1, 2014 – Present | $7.25 | $9.50 |

39. If Defendants may *not* avail themselves of the lower D.C. minimum wage that may be paid to minors, then Defendants owe Plaintiff approximately **$57,196.06** in minimum and overtime wages.

40. At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

41. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required

by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

42. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

43. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

44. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

45. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

46. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

47. Defendants' violations of the FLSA were willful.

48. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

49. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

50. Before July 1, 2014, the DCMWA required that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

51. As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

52. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

53. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

54. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

55. Defendants' violations of the DCMWA were willful.

56. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, plus three times the amount of unpaid wages earned as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

57. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

58. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

59. For purposes of the DCWPCL, "wages" includes, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

60. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

61. Defendants' violations of the DCWPCL were willful.

62. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, plus three times the amount of unpaid wages as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$228,784.25**, consisting of the following overlapping elements:

    i. unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii. unpaid minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages earned as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii. unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff prejudgment and postjudgment interest as permitted by law.

c. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d.      Award Plaintiff court costs; and

    e.      Award any additional relief the Court deems just.

Date: 06/04/2015

Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*